May it please the court. My name is Seth Resko and I represent the petitioner Alida de Guzman Elpano. Your Honor, the issue in this case is whether my client was convicted of a theft defense by means of her conviction under possession of a credit card without consent. Your Honor, in determining whether or not this case, this conviction is an aggravated felony, the court employs a two-part process. I'm still having trouble hearing you. Can you speak up? Yes, I'm sorry. In establishing whether or not the conviction is an aggravated felony, the court employs a two-step process. First is a categorical approach. The next, if proper, is a modified categorical approach. In the application of the categorical approach, the court is required to determine whether the statute of question fits within the generic definition of a theft offense. My client was convicted under, let me say that a theft offense has been defined by this court to be a taking of property or exercise of control of the property without consent. With some intent to deprive, correct? Right, with some intent to deprive. And that element is not present in the Nevada statute. Correct, Your Honor. Now, I would say that there are elements in the Nevada statute that relate to intent. The board focused on one of the elements, meaning the intent to defraud. In the statute, there is that requirement. And what I'm saying is the intent to defraud is this court, or this circuit as established in Navarrez-Martinez, that it's not the intent to defraud that would constitute the intent to deprive. If I take Judge Hugg's MasterCard and use it as identification, I probably violated the Nevada statute. Not this one, Your Honor, because there's no taking requirement under the statute. That would be a violation of subsection 1. If I have it without his permission, but the only use I make of it is for identification, then I might have violated the Nevada statute, right? But if I take it and actually use it to charge merchandise or get cash back, again, then the intent's there. See, what I would say is there's no taking requirement, and that differentiates this subsection from the other subsections. Because there's no taking, there's no stealing, and there's no knowledge that the card has been stolen, you wouldn't necessarily be violating where the subsection 2 of 690 or 205.690 subsection 2 would be applicable because there's no requirement of a taking. Instead, what would happen is if you found the card, and you used the card without the consent, because there's no stealing, there's no taking of the card, there's no removing of the card, you've found the card, and then you intend to use it, and you intend to defraud. But by finding the card, it's the owner of the card who's already relinquished the use and benefits of that card. So if someone is going to take the card and use it, they're not depriving the owner of the card who's already lost the card and has essentially lost the use and benefits of that card. That would be the argument that the respondent is making, that it's the intent to use the card, the intent to convey the card that would constitute the deprivation or the intent to deprive. The board is following the intent to defraud. I don't think that that would be applicable. It's not the intent to defraud. As I indicated before, it's the intent to deprive. Okay. Let's assume that the categorical approach doesn't work. Just assume that. We haven't decided that yet. I understand, Your Honor. Can the modified categorical approach be used? Your Honor, I would say that because I'm arguing it's a twofold argument. First, because I'm arguing that there is a critical element missing in the application of the modified categorical approach, and that's the intent to deprive. If you find that there is an intent to deprive and you wish to apply the modified categorical approach under those circumstances and you do find the missing element, the modified categorical approach is also inapplicable. Your argument is that there's an element missing and you can't use modify or tailor. Well, in Navarro-Lopez, the court decided that if there's a key missing element for the generic crime and the key missing element, I'm alleging, is the intent to deprive. So if that's missing, and I believe that it's missing in the Nevada statute, then you can't go to the modified categorical approach. But if you were to use them, if you were to decide that the missing element is there and you wish to apply the modified categorical approach, of course, you're limited to what documents that you can look at. In the record, there was an information and some type of minute order. This court has decided in Martinez-Perez that the use of a judgment, an abstract judgment, and an information is not sufficient to constitute or to characterize the crime as an aggravated felony. You can't find an aggravated felony simply by using the information and the abstract. The reason is you have no showing that the Petitioner assented to the terms of the facts that force in the information. Here's the same thing. You have the information and a minute order. There's no record establishing that the Petitioner in this case assented to the generic definition of the crime. There's no requirement that she had the card with the intent to use the card with the intent to deprive the owner of the benefits. And so you can't go to modified, even if you go to modified, it doesn't work based on this record. That's correct, Your Honor. Okay. I'd like to go back to the wording of this Section 2 and kind of parse it together. The person would have to have possession of the card, would have to have the possession without the consent of the owner, and have the intent to use it with the intent to defraud. Now, why is there a missing element there? Okay. Because, as I indicated, if we think of because the statute is not requiring a taking, it's not requiring removing the card, it's not requiring a stealing of the card, and it's not requiring that someone who has the card has knowledge that it was stolen. The statute is requiring simply the possession. So if we follow when somebody can be convicted under this statute, it's when someone finds the card. Someone's found the card, and they want to use the card, and they want to intend to defraud. That's a fraud crime. Let me try this as an example. Sometimes a group of us judges go out to dinner, and we always need separate invoices or receipts, and we throw down four credit cards, and the staff takes it back and creates four separate. It has happened in the past where people walk off with someone else's credit card, unintentionally. I walk off with Judge Hugg's card, and Judge Hugg walks off with my card, and because you don't look at the name on it, he uses my card, and I use his card. Have we violated Section 2? It's not a theft. But if he uses the card, it's a fraud. He's taken the card without the intent to steal. He's used your card. If you're giving him the card where he, as you indicated, wrongfully took the card by mistake. Oh, it's wrongful or not. He took the card by mistake. And I just picked up the wrong credit cards. That's not a crime. You have to have the intent to defraud. But that's not a crime if he's taken the card. But if he's using the card, you've given him, you, he might be using the card without your consent if he took it. Or, excuse me, or if he sees the card and by mistake takes the card. And now he wants to use the card. He's taken the card, essentially intending to use the card without your consent, and he wants to defraud, but it's a fraud. He mistakenly took the card. It's not a theft. That's how you can be convicted under this particular statute. That's why the key element. Why isn't that depriving the owner of the rights and benefits of ownership if you're defrauding somebody? It's the same thing. If the card is dropped and if it's mistakenly taken and he intends to use the card, he's not depriving you of your use and benefits. Let me give you a similar illustration. If the card is found, okay, because the card's been lost, misplaced, or abandoned, you've lost the intent, excuse me, you've lost the use of the card. You've lost the use and benefits of the card because it's been lost. But someone else has found the card and intends to use the card. You haven't lost the use, so the violator hasn't intended to deprive you of your use because the card's been lost or misplaced or abandoned. But it seems like you're depriving me of the benefits of ownership if he's using the card. It's more fraud than depriving the use and benefits because they're using the card without with you relinquishing your use and benefits by being lost, abandoned, or misplaced. You've lost your use of the card. You've lost your benefits of ownership if the card's lost, found, or misplaced. So if the violator finds the card, since you've already lost your use and benefits of the ownership, they don't have the intent to deprive you of your use and ownership of the card. Well, the statute says with the criminal intent to deprive the ownership of the benefits of ownership. Deprive the owner of the benefits of ownership. If you're using a card, aren't you depriving that person of the benefits of ownership? Not if you've lost ownership, not if you've lost use, which you can be convicted under the statute because there's no requirement of stealing, partaking, or that you have knowledge that the card has been stolen. Like in Rontoa, that stolen mail, the court found, what's the deprivation? Well, they had knowledge that the mail was stolen. That was the deprivation of the rights. Here there's no criminal intent required. It's not the criminal intent, whereas you have knowledge that the card has been stolen, like in Rontoa. Okay. You're over your time, but we'll allow you maybe half a minute for a rebuttal. We'll hear from the government at this time. Counsel? Good morning. May it please the Court. I'm Richard Zampanino, and I'm here on behalf of the Respondent. I didn't want to speak from counsel table, but I will convey to my office the Court's comments. I was the briefing attorney on the Ayala case that dropped on judicial's motion, and the Mendoza case, again, was on our motion. We believe that it has good cause to go to mediation. Okay. The Petitioner here has been convicted of a categorical theft offense, because the three elements of the generic theft offense actually are contained within the elements of the Nevada statute. They overlap. And I want to note something before I go through each of the elements side by side. The Nevada statute specifically, in one – there's two criminal sections in the Nevada statute. The paragraph 2 and paragraph 1 both specifically contemplate the payment of restitution. In both cases, they say the court shall order the person to pay restitution. For Nevada statute 205.690, both 1 and 2. And it's pay restitution. It's not even make restitution. It's not offer an apology for taking the card out of a restaurant. It's pay restitution. The statute is assuming that a loss has taken place. But let's consider each of the elements side by side. In the generic theft offense, there's first a taking of property or an exercise of control of property. In the Nevada statute, there's possession. This Court in the Rondahara decision did indicate that, specifically saying, of course, that possession is an exercise of control over an item. So the first elements are there on either side. The second in the generic theft offense is without consent. Obviously, that's an element of the Nevada statute, so both match there. The third requires a criminal intent to deprive the owner of the rights and benefits of the item that's been taken. In the Nevada statute, the person is, for lack of a better word, employing to cover, use, circulate, transfer, sell the item that results in a loss. But the person is employing the card so as to require the payment of restitution. Now, in the Rondahara case, there was no, as the Board cited, there was no element in the theft of mail or the possession of stolen mail section in Rondahara. There was no element in there that parroted the generic requirement of a criminal intent to deprive the owner. But the Rondahara decision found that implicit within possessing items that you know to be stolen, you necessarily have deprived the owner of the rights and benefits. Because, again, under this Court's generic definition, even if it's temporary. Was Petitioner here convicted under section 2 of 205-690? That's correct, Your Honor. The parties have all agreed and the Board did determine that it was subsection  Okay. Which of the Nevada statute? Yes, Your Honor, I'm sorry. Yes, Your Honor. Subsection 205.690, subsection 2. What's happened is Nevada has actually narrowed the conduct. They don't go broader. They narrow it. Because even after you've gone through the three elements, which we contend match the categorical, the generic theft definition, Nevada takes it a step further and says even if you are doing all this, you also have to have the intent to defraud. So they, instead of criminalizing conduct that's broader, they've narrowed it down. A prosecutor in Nevada essentially has a tougher job than just trying to prove the generic theft offense. What Petitioner has done in hypothesizing finding a car in the street is essentially flying in the face of both the Supreme Court's decision in Duanis and the Supreme Court's decision in James, which are cited in our letter briefs. And Petitioner is saying that without citing real-life examples of cases where someone does find a credit card or perhaps judges go off to dinner and everyone takes a different credit card home by accident, then Petitioner is asking this Court to engage in a hypothesis or legal imagination, stepping away from legal reality. The statement itself, the proposed reading would put it also in conflict, put this case in conflict. And again, the statute in Randahara, which was a mail fraud, a possession of stolen mail statute, Section 18 U.S.C. Section 1708, didn't actually have the generic element in there. To find that a State statute creates a crime outside the generic definition requires more than Petitioner offering legal imagination to the Court. It requires, as the Supreme Court held in Duanis, a realistic probability, not a theoretical possibility, that the State would apply a statute outside the generic definition. But again, within the State statute, it's a shall clause and it's a shall to pay restitution. There's no way a person can possess a credit card without consent, with the intent to use it, and stop him there, and then with the intent to defraud and not cause a loss, which or if there were, then Duanis has asked Petitioner to cite cases where that has happened. That would take us outside the categorical definition. The Supreme Court in James stated that the categorical approach does not require every conceivable offense to be covered by a statute before it's categorically an offense. Rather, it's whether in the ordinary case a loss would be a loss of rights or privileges over the item would take place. In fact, the James case specifically stated that one could always hypothesize in usual cases where that might fall out of the record. But as long as an offense by its nature would cause a loss and in this case would require a taking of property without consent with the criminal intent to deprive, we have a categorical – we would have a categorical theft offense. It seems to me that the key terms in the generic one is for the intent to defraud that's required. The intent to – we would suggest the intent to deprive the owner of the rights and benefits. Oh, in the generic one it's the intent to defraud. The Nevada statute has the – The Nevada statute has intent to deprive of the rights and benefits of ownership. Those are the two comparable terms, aren't they? Yes, Your Honor. I believe the – I thought the generic definition was to with the criminal intent to deprive the owner of the rights and benefits and the Nevada statute required more, required the intent to defraud even after you have the intent to circulate. Seems to require two levels of intent. Yes. You're right. The intent to circulate, use, transfer, et cetera, and with the intent to defraud. Yes, Your Honor. And what happens is Nevada goes narrower because we – and again, our position is that within the first three elements of the Nevada statute, you've already met the generic definition. But if you're going to be convicted in Nevada, you have to actually show also an intent to defraud. But in our – again, our position is that you've already reached the generic categorical terms at that stage because, again – and Nevada case law is with the government on this. We would suggest to the Court that the Nevada – and I came to this case rather late, so I apologize for bringing this up now. But in the course of researching for this case, there is a Nevada Supreme Court case, which I'm happy to provide to the Petitioner's counsel and also to the Court if the Court would like. It's in the case notes of the statute. Moore v. State, 126, Pacific Reporter, 3rd, 508, that states that this statute necessarily requires that in order to use something, you actually have to put the card to use. You actually have to process the card. Goods must be obtained. Charges must lay on the card. Every time someone takes a credit card and charges something, whether it's spending spree at the Gap or gas or whatever, it lowers the credit limit of the rightful owner. So they've been deprived of those rights and benefits. If the rightful owner went out and tried to charge something, they would find their credit limit had lowered, even by a small amount, which is enough under the generic definition. Unless the Court has any further questions, we'd submit. I don't see any. I have two things. Number one, will you give the Deputy Clerk a gum sheet citation to the case you just cited? Oh, absolutely. Absolutely, Your Honor. There's one other thing I'd like you to take back to Washington. Yes, sir. The name of the State is Nevada. Yeah. O-H in the name of the State. I'm learning that in Oregon as well, Your Honor. It's Nevada. Okay. And we'll give you five working days to, if you wish, to respond in a letter of brief, not to exceed four pages, to the case just cited. Okay? Thirty seconds of rebuttal. You can do it when we're done. I just want to briefly say, as far as the intended defraud the Nevada statute requires, it doesn't require who the intended defraud is. Is it the cardholder? Is it the merchant? As far as paying the restitution, there has been a loss, but that doesn't necessarily mean it's a deprivation to the cardholder, because some, even the merchant, may have lost money that the violator has to pay. As far as a legal imagination, because there's no stealing required, because there's no taking required, there has to be some situation in which a violator is going to be convicted of the statute without the taking. And that is not legal imagination to say that someone's finding a card someone else's name on and intending to use the card. That, however, would result in the no loss to the cardholder, who has already lost or relinquished their rights in use by losing or abandoning or misplacing the card. That's it. Thank you very much. Okay. Thank you both. The case just argued will be submitted for decision, and the Court will stand in recess for the day. All rise.
judges: Hug, Fletcher B. , Hawkins